IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DARRYL L. ROPER, SR., | ) | CASE NO. 5:09 CV 267 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| MAGGIE BEIGHTLER, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is the petition of Darryl L. Roper, Sr. for a writ of habeas corpus under 28 U.S.C. § 2254.[2]  Roper is currently incarcerated at the Marion Correctional Institution in Marion, Ohio.[3]  He is serving a 12-year combined sentence imposed by the Summit County (Ohio) Court of Common Pleas following his 2006 conviction by a jury at a trial of 12 different offenses, including, among others, domestic violence, aggravated menacing, having a weapon while under disability, and possession of cocaine.[4]

Roper, who is here represented by the Ohio Public Defender, claims, as has the Public Defender in numerous prior cases, that his sentence, which was imposed under the provisions

---

[1] ECF # 3.

[2] ECF # 1.

[3] *Id.* at 1.

[4] *Id.* at 1, 14 (listing the sentences for each conviction).

of *State v. Foster*,[5] violates the Ex Post Facto and Due Process Clauses of the United States Constitution.[6] In that regard, he further claims that his trial counsel provided ineffective assistance for failing to object to the imposition of non-minimum consecutive sentences[7] and that his appellate counsel was also ineffective for not raising the imposition of such a sentence on direct appeal.[8]

The State, in its return of the writ, argues that Roper waived his first two claims by not fairly presenting them to the Ohio courts by not making a contemporaneous objection to his sentence, a failure that was then relied on by the appeals court to deny consideration of his claims.[9]  The State further contends that Roper's third ground, alleging ineffective assistance of counsel on appeal for not raising ex post facto and due process arguments, should be denied on the merits because the appeals court that considered an appeal from his re-sentencing also denied those claims on the merits.[10]  Roper has replied to these arguments in a traverse.[11]

---

[5] *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 470 (2006).

[6] ECF # 1 at 16-20.

[7] *Id*. at 20-21.

[8] *Id*. at 21.

[9] ECF # 8 at 14-17.

[10] *Id*. at 18-22.

[11] ECF # 9.

For the reasons that follow, I will recommend that Roper's petition be dismissed in part and denied in part.

## Facts

**A.    Underlying facts**

The underlying facts of this case were found by the state appeals court[12] to be as follows:

> [Roper] was convicted of domestic violence under R.C. 2919.25(A) and possession of cocaine under R.C. 2925.11(A).  [Cynthia] Munford [sic] testified that she and [Roper] met in 2003 when they worked for the same employer.  They lived together for about six months, and she subsequently purchased a home which he moved into, but moved out after a week.  She testified that she was unhappy with the way [Roper] tried to control her, so she asked him to leave the house.  After [Roper] moved out, Munford [sic] continued seeing [Roper] because she thought he was getting ready to move to Las Vegas and she could end their relationship based on his moving out of state.  Munford [sic] stated that [Roper] told her repeatedly that he would kill her if she had sex with another man and he would tell her that they would be together "TDDUP," which stood for "'til death do us part."  Munford [sic] also testified that [Roper] bought a gun, showed her where it was kept in his apartment and made her touch it, even though he knew she was afraid of guns.

> Munford [sic] also knew that [Roper] kept drugs at his apartment because he sold them and she had used them before.  She testified that he kept marijuana and cocaine in a red toolbox under his bed.  On March 3, 2004, [Roper] called Munford [sic] because he wanted her to do his laundry.  After they had an argument, [Roper] grabbed a cigarette out of her hand while she was smoking in his bathroom and tried to burn her face with it.  Munford [sic] testified that [Roper] strangled her while he pushed her against the bathroom sink.  [Roper] punched Munford [sic] in the face until she felt (sic) against the

---

[12] Facts found by the state appeals court on its review of the record are presumed correct by the federal habeas court.  28 U.S.C. § 2254(e)(1); *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).

toilet, which knocked items from overhead shelves onto her head. Munford [sic] testified that as she was attempting to block [Roper's] punches, he told her, "Move your hands or I'm going to kill you."

[Roper] then forced Munford [sic] to have sex with him despite her repeated protests that she did not want to, and at one point Munford [sic] stated that she thought he was reaching under the bed for his gun. Munford [sic] stated that after she left [Roper's] apartment, she was injured to the point where her face was bleeding and bruised. She went to a friend's house and called the police. After the police took her statement, she went to St. Thomas Hospital where she had a forensic rape examination performed at the SANE (Sexual Assault Nurse Examiner) Unit. With respect to the domestic violence charge, [Roper] contends that he did not knowingly cause harm to the victim, despite the victim's testimony that [Roper] strangled, pushed and punched her.[13]

## B.  Trial and sentencing

In an original indictment and two supplemental indictments, Roper was indicted on:

(1) two counts of rape, with repeat violent offender specifications attached to each count;

(2) one count of domestic violence; (3) one count of aggravated menacing; (4) two counts

of having a weapon while under disability; (5) one count of intimidation of a crime victim;

(6) one count of possession of cocaine; (7) one count of possession of drug paraphernalia;

(8) one count of obstructing official business; and (9) two counts of violating a protective

order.[14]

---

[13] ECF # 8, Attachment (state record) at 121-23 (opinion of state appeals court). The items in the state record have been consecutively paginated by the State under a provision of my show cause order (ECF # 4).

[14] *Id*. at 1-8.

Following a jury trial, Roper was found guilty of domestic violence, aggravated menacing, two counts of having a weapon while under disability, possession of cocaine, possession of drug paraphernalia, obstructing official business and two counts of violating a protective order. The jury, however, found Roper not guilty on the two counts of rape, including the repeat violent offender specifications, as well as the one count of intimidating a crime victim.[15]

Based on these convictions and after a hearing where the judge made findings concerning Roper's relationship to the victim and past criminal history, among other findings, the trial judge then sentenced Roper to four years for domestic violence, six months for aggravated menacing, four years total for the two merged counts of having a weapon while under disability, four years for the possession of cocaine, six months for illegal use of drug paraphernalia, ninety days for obstructing official business, and six months each for the two counts of violating a protective order. The sentences for domestic violence, having a weapon while under disability and possession of cocaine were to be served consecutively and concurrently with all the other sentences. In addition, Roper was sentenced to ten years of post-release control.[16] The total sentence imposed amounted to twelve years in prison.[17]

---

[15] *Id*. at 20-21.

[16] *Id*. at 22-25.

[17] *See, id*. at 25; *see also, id.*, at 371, 375 (sentencing hearing transcript).

-5-

## C.     Direct appeal

### 1.     *The appeals court*

Through new appointed counsel,[18] Roper timely appealed to the Ohio appeals court[19]

raising the following eleven assignments of error:

1.     The sentence imposed was a product of abuse of discretion as the court elicited and relied upon statements from Terrie Jackson, a prior acts witness, not the victim of any charged offense.

2.     Initially, the court erred by improperly permitting the introduction of prior acts evidence and, secondly, the court compounded this error by allowing evidence to be admitted that went beyond the court's own order that prohibited the introduction of the most serious incidents.

3.     The court improperly denied defendant's efforts to introduce results of a lie detector test that the defendant had taken in jail.

4.     The trial court improperly denied defendant's motion to suppress.

5.     The court improperly denied defendant's motion to sever the charges of sexual assault from others.

6.     Defendant's Sixth Amendment rights were violated as he received ineffective assistance of counsel.

7.     The trial court erred in sentencing defendant to more than the "statutory maximum" consecutive sentence.

8.     The trial court improperly allowed the state to assert and make reference to use of a gun by defendant in closing argument.

9.     The defendant's conviction was against the manifest weight of the evidence.

---

[18] *Id*. at 25.

[19] Both parties here agree the appeal was timely.

10.     The court erred by failing to dismiss the case pursuant to Crim. Rule 29
– defendant was charged with two counts of rape with specifications,
domestic violence, possession of drugs and violation of a temporary
protective order.

11.     The court issued an improper instruction on possession with respect to
drug possession and with respect to possession of weapon (sic).[20]

The State filed a responsive brief,[21] and the Ohio court of appeals thereupon overruled

each of Roper's assignments of error, affirming the judgment of the trial court.[22]

## 2.    The Supreme Court of Ohio

Roper, now represented by the Ohio Public Defender, then timely appealed[23] to the

Supreme Court of Ohio.[24]  In his memorandum in support of jurisdiction, Roper presented

a single proposition of law:

A trial court may not sentence a defendant to consecutive prison sentences
based on facts not found by a jury or admitted by the defendant.[25]

---

[20] *Id.* at 31-32.

[21] *Id.* at 64-99.

[22] *Id*. at 100-25.

[23] Again, the State concedes the appeal here was timely.

[24] *Id*. at 126-28.

[25] *Id*. at 130.

-7-

On May 3, 2006, the Supreme Court of Ohio, citing its recent decision in *State v. Foster*,[26] reversed the judgment of the appeals court and remanded the case to the trial court for resentencing consistent with the rubric of *Foster*.[27]

### 3. *Post-conviction petition*

While his direct appeal was pending, Roper, *pro se*, filed a post-conviction petition to vacate or set aside his conviction and sentence based on ten claims of ineffective assistance of trial counsel:

1. Petitioner received ineffective assistance of counsel as guaranteed by Article I, §§ 10 and 16 of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution because trial counsel failed to diligently pursue the severance of the sexual assault charges from unrelated charges (*United States v. Vasquez-Velasco* (9th Cir. 1994) 15 F.3d 833, 845), thereby prejudicing the trial proceedings to the level of unfairness, thus rendering the trial verdict unreliable. *U.S. v. Smith* (2005), 138 F.Appx. 775, 781.[28]

2. Petitioner received constitutionally ineffective assistance of counsel because his counsel allowed the Court to impose a sentence that is contrary to law causing the sentence to be void or voidable, thereby offending the Sixth, Eighth and Fourteenth Amendments to the United States Constitution.[29]

3. Petitioner suffered ineffective assistance of counsel when trial counsel allowed, unchallenged, the trial court to impose grossly disproportionate sentences for domestic violence, having weapons while under disability and possession of cocaine in contravention of

---

[26] *Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 470.

[27] ECF # 8, Attachment (state court record) at 162.

[28] *Id.* at 281.

[29] *Id*. at 282.

-8-

petitioner's Sixth and Fourteenth Amendment rights to the United States Constitution and Article I, §§ 9, 10 and 16 of the Ohio Constitution.[30]

4.    Petitioner was denied his constitutional right to compulsory process when defense counsel failed to secure stipulations of the admissibility of the results of the polygraph administered to petitioner rising to the level of ineffective assistance of counsel, depriving petitioner of his right to be represented by competent counsel as guaranteed by Article I, Section 10, of the Ohio Constitution and the Sixth Amendment to the United States Constitution. *State v. Sims*, (8th Dist. App. 1977). Cuyahoga App. 52 Misc. 31.[31]

5.    Petitioner was deprived of his Constitutional right to effective assistance of counsel with regard to the repeat violent offender specifications and the result of the polygraph administered on December 27, 2005, which caused petitioner to reject a plea offer rendering his plea unknowing and therefore void or voidable.[32]

6.    Petitioner was deprived of effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution because defense counsel failed to investigate neighbors who might have seen the alleged victim enter petitioner's apartment after petitioner was arrested and prior to the execution of the search warrant.[33]

7.    Petitioner was denied effective assistance of counsel by trial counsel's failure to subpoena telephone records of Cynthia Mumford and bank records and potential witness Eric Drain as petitioner insisted for the purpose of impeachment of Cynthia Mumford, State's witness in chief.[34]

---

[30] *Id*. at 283.

[31] *Id*. at 284.

[32] *Id*. at 285.

[33] *Id*. at 286.

[34] *Id*. at 287.

8.      Trial counsel provided constitutionally deficient assistance of counsel (sic) by failing to obtain fingerprint results from crime scene evidence such as a plastic container, a locked red toolbox, the combination lock locking the toolbox retrieved from a bed in the bedroom, a Black Jennings 9mm BRYCO model semiautomatic handgun or blue knee (sic) in which the handgun was stored in the red toolbox.[35]

9.      Petitioner received ineffective assistance of trial counsel when trial counsel allowed petitioner to be prosecuted for possession of crack cocaine in an amount that equals or exceeds 10 grams but less than 25 grams as stated in Count Eight of the indictment; to be found guilty of the same without challenge to the weight, and to be sentenced for the same when the weight reported on the Forensic Laboratory Report tested merely 8.5 grams.[36]

10.     Trial counsel deprived petitioner of his Constitutional right to effective assistance of counsel by failing to use a crime-scene photograph taken in the bathroom of 47 Jeannette Ct., which could have had substantial bearing on the outcome of the trial.[37]

The State moved to dismiss,[38] to which Roper filed a reply in opposition.[39]  The State notes here that the trial court did not rule on this petition to set aside Roper's original sentence of March 7, 2005;[40] a sentence which, as will be discussed below, was eventually

---

[35] *Id*. at 288.

[36] *Id*. at 289.

[37] *Id.* at 290.

[38] *Id*. at 293-95.  Although captioned as a motion to "dismiss," the prosecution argues multiple times throughout its reply that the court should "deny" Roper's petition on various grounds while never positing a basis for dismissal.

[39] *Id*. at 296-301.

[40] ECF # 8 at 8.

superceded by the resentencing ordered by the Supreme Court of Ohio as a result of the direct appeal which was still pending when this motion was filed.

**4.      *Rule 26(B) application to reopen the appeal***

During the period while the direct appeal was pending, in addition to moving the trial court to vacate his sentence, Roper, *pro se*, also applied to the appeals court to reopen his appeal on the grounds of ineffective assistance of appellate counsel.[41]  In his Appellate Rule 26(B) application, Roper raised the following four grounds for relief:

1.      Trial court's failure to address the constitutionality of R.C. § 2919.25 constituted ineffective assistance of appellate counsel as guaranteed by Article XV § 11 of the Ohio Constitution and the Sixth Amendment to the United States Constitution.[42]

2.      Appellant's sentence imposed by the trial court is grossly disproportionate to the crimes committed in violation of the U.S. and Ohio Constitutions.[43]

3.      Appellant received ineffective assistance of counsel by counsel's failure to raise the claim that an imposition of ten years of post release control is contrary to law.[44]

4.      This Court of Appeals misapplied *Blakely/Booker* in interpreting *Blakely/Booker* categorically determined does not apply to Ohio's sentencing scheme (sic).[45]

---

[41] ECF # 8, Attachment at 302-14.

[42] *Id*. at 305.

[43] *Id.* at 307.

[44] *Id.* at 311.

[45] *Id*. at 312.

-11-

After considering the opposition brief filed by the State,[46] the Ohio appeals court denied the application to reopen.[47]  The record does not show that Roper appealed to the Supreme Court of Ohio from this decision.

**5.**     ***Resentencing and direct appeal of resentence***

On September 18, 2006, the trial court resentenced Roper after the remand from the Ohio Supreme Court.  In this resentencing, Roper received substantially the same sentence that had been previously imposed.[48]

Roper, through appointed counsel, then filed an untimely notice of appeal concerning his resentencing.[49]  After filing for leave to file a delayed appeal,[50] which motion was granted by the appeals court,[51] Roper advanced the following five assignments of error:

1.     The trial court failed to consider the factors of seriousness and recedivisim pursuant to R.C. 2929.12.

---

[46] *Id*. at 315-17.

[47] *Id.* at 318-22.

[48] *Id*. at 163-64.  Although the State in its return of the writ states that Roper received at resentencing "the same sentence as before" (ECF # 8 at 9), in fact, there was a minor difference in the resentence from the original sentence.  Roper received only three years of post-release control at his resentencing, rather than the 10 years imposed by the original sentence.  *Compare*, ECF # 8, Attachment at 25 (original sentence) and 164 (resentence).  Other than this difference, Roper received the same sentence at resentencing as he had in his original sentence.

[49] *Id*. at 165-66.

[50] *Id*. at 167-68.

[51] *Id*. at 169.

2.      The trial court improperly imposed consecutive sentences on appellant as consecutive sentence for imprisonment in (sic) contrary to R.C. 2929.41, that provides that the imprisonment time shall run concurrent to additional imprisonment time; and failed to comply with R.C. 2929.19 which required that, if consecutive sentences [are] imposed, that (sic) the court states reasons for making finding (sic) at the sentencing hearing.

3.      The trial court abused its discretion when it failed to transfer the case for sentencing to Judge Cross who presided over the trial.

4.      The trial court improperly sentenced appellant to 12 year terms, essentially three 4 year sentences to be served consecutively, as the Court unconstitutionally found facts by a preponderance of the evidence exposing appellant to an elevated upper term sentence, that was above and beyond the statutory maximum for that charge which was 2 years, thus violating appellant's rights to a jury trial.

5.      The re-sentencing of appellant, without making findings required by R.C. 2929.14(B)(C) and R.C. 2929.14(E), after the severance in Foster operated as an ex post facto law and denied appellant due process.[52]

After the State filed a brief in opposition,[53] the appellate court overruled all of Roper's assignments of error, affirming the decisions of the trial court.[54]

Roper, now represented, as here, by the Ohio Public Defender, then appealed to the Supreme Court of Ohio[55] raising the following three propositions of law:

1.      The remedy that this Court set forth in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, violates the Ex Post Facto and Due Process Clauses of the United States Constitution.

---

[52] *Id*. at 171.

[53] *Id*. at 210-22

[54] *Id*. at 235-46.

[55] *Id*. at 247-48.

-13-

2.     Trial counsel provides ineffective assistance, in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution, for failing to object to the trial court's retroactive application of the remedy that this Court set forth in *Foster*.

3.     A defendant is deprived of the effective assistance of appellate counsel when appellate counsel fails to raise constitutional errors on direct appeal.[56]

The State did not file any brief in response and, on July 9, 2008, the Supreme Court of Ohio denied Roper leave to appeal, dismissing his appeal as not involving any substantial constitutional question.[57]  The record here does not show that Roper sought a writ of certiorari from the United States Supreme Court.

**6.     *Federal habeas petition***

On February 5, 2009, Roper, again represented by the Ohio Public Defender, filed the present petition for federal habeas relief raising three grounds for relief:

Ground One:  The remedy that the Ohio Supreme Court set forth in *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 470 (2006), violates the Ex Post Facto and Due Process Clauses of the United States Constitution.[58]

Ground Two:  Trial counsel provided ineffective assistance, in violation of the Sixth and Fourteenth Amendments to the United States Constitution, for failing to object to the trial court's imposition of non-minimum, consecutive sentences.[59]

---

[56] *Id*. at 251.

[57] *Id*. at 278.

[58] ECF # 1 at 16.

[59] *Id*. at 20.

-14-

<u>Ground Three</u>:  A defendant is deprived of the effective assistance of appellate counsel when appellate counsel fails to raise constitutional errors on direct appeal.[60]

As noted previously, the State, in its return of the writ, argued initially that Roper has procedurally defaulted his claims in Grounds One and Two.

As to Ground One, the State asserts that, because his trial counsel made no contemporaneous objection to his re-sentence as required under Ohio law in order to preserve a claim for appeal and because the state appeals court relied on the absence of a contemporaneous objection as the basis for denying this claim, the federal appeals court may not ignore the state's reliance on one of its own well-established, regularly followed procedural rules.[61]  It further argues that Roper may not rely on ineffective assistance of trial counsel to excuse the lack of contemporaneous objection because he did not raise ineffective assistance of trial counsel as a claim to the appeals court on direct appeal of the resentencing, and his other ineffective assistance claims raised in the post-conviction petition were not the same claim.[62]  And because the Ohio Supreme Court will not hear a claim that has not been previously raised or considered on direct appeal, he has both not excused the procedural default attendant to Ground One and has also procedurally defaulted Ground Two, which does raise ineffective assistance of trial counsel.[63]

---

[60] *Id*. at 21.

[61] ECF # 8 at 14-16.

[62] *Id.* at 16.

[63] *Id*. at 17.

Moreover, the State contends that Roper's claim in Ground Three – which alleges ineffective assistance of appellate counsel – should be rejected on the merits because there can be no ineffective assistance in failing to argue a non-meritorious position.  Here, since the Ohio courts have repeatedly held that application of *Foster* creates no due process or ex post facto problems, there was no prejudice from Roper's appellate counsel not raising due process/ex post facto arguments on appeal.[64]

As also noted earlier, Roper has filed a traverse.[65]  In that  traverse, Roper disputes that he has procedurally defaulted his first two claims, arguing first that trial counsel did object to the resentencing on the grounds that *Foster* required only a one-year minimum sentence,[66] and, second, that raising the issue of ineffective assistance of appellate counsel to the Ohio Supreme Court in a timely discretionary appeal is sufficient to preserve these claims for habeas review.[67]  Roper extensively then re-asserts his claim, frequently made in other cases by the Ohio Public Defender, that application of *Foster* to resentencings results in violation of the ex post facto and due process clauses of the Constitution.[68]

---

[64] *Id*. at 21.

[65] ECF # 9.

[66] *Id*. at 12-14.

[67] *Id*. at 15-16.

[68] *Id.* at 4-12.

## Analysis

**A.     Preliminary issues**

As a preliminary matter, I note that the parties do not dispute the following facts, which my independent review of the record also establishes:  (1) that Roper is currently in state custody in Ohio as a result of his conviction and resentencing; (2) that Roper's present petition for federal habeas relief was filed within one year of the conclusion of his direct appeals, as required by 28 U.S.C. § 2244(d)(1); and (3) that the grounds for relief asserted here have been totally exhausted in the Ohio courts.

Accordingly, I recommend finding that these predicates to habeas review have been met.  Moreover, I also observe that Roper has not requested an evidentiary hearing.

**B.     Standards of review**

**1.     *Procedural default***

Under the doctrine of procedural default, the federal habeas court is precluded from reviewing a claim for relief if the petitioner failed to obtain consideration of that claim on its merits in state court, either because the petitioner failed to raise it when state remedies were still available or due to some other violation of a state procedural rule.[69]

When a violation of a state procedural rule is alleged as the basis for the default, the Sixth Circuit has long-employed a four-part test to determine if the claim is procedurally defaulted in a federal habeas proceeding:

---

[69] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

(1)     Does a state procedural rule exist that applies to the petitioner's claim?

(2)     Did the petitioner fail to comply with that rule?

(3)     Did the state court rely on that failure as the basis for its refusal to address the merits of the petitioner's claim?

(4)     Is the state rule violated by the petitioner an adequate and independent state law basis for barring the federal court from considering the claim?[70]

In addition to establishing these elements, the state procedural rule must be shown to be (a) firmly established and (b) regularly followed before the federal habeas court will decline to review an allegedly procedurally defaulted claim.[71]

If a procedural default is established, the default may be overcome if the petitioner can show cause for the default and actual prejudice from the court's failure to address the alleged constitutional violation.[72]  In addition, procedural default may also be excused by a showing of actual innocence.[73]

To establish "cause" for the default, a petitioner must generally show that some objective factor, something external to himself, precluded him from complying with the state procedural rule.[74]  Demonstrating "prejudice" requires the petitioner to show that the alleged

---

[70] *Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007) (citation omitted).

[71] *Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 431 (6th Cir. 2006) (citations omitted).

[72] *Deitz v.Money*, 391 F.3d 804, 808 (6th Cir. 2004).

[73] *Id*.

[74] *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).

-18-

constitutional error worked to his actual and substantial disadvantage, infecting the entire proceeding with error of a constitutional dimension.[75] There can be no prejudice if the petitioner cannot show a reasonable probability of a different outcome at trial.[76]

Notwithstanding these elements, the Supreme Court has held that federal habeas courts are not required to consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[77]  In that regard, the Sixth Circuit has stated that a federal habeas court may bypass an issue of procedural default when that issue presents complicated questions of state law and addressing it is unnecessary to resolving the claim against the petitioner on the merits.[78]

## 2.      *Claims not heard on the merits by state courts*

The standard of review outlined by 28 U.S.C. § 2254(d) applies by its own terms only to habeas claims that were "adjudicated on the merits in State court proceedings.[79]  When a federal habeas claim was fairly presented to but not adjudicated on the merits by the state

---

[75] *United States v. Frady*, 456 U.S. 152, 170 (1982).

[76] *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

[77] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

[78] *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003).

[79] 28 U.S.C. § 2254 (d); *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003).

courts, the federal habeas court must evaluate that claim under the pre-AEDPA standard, reviewing *de novo* questions of law and mixed questions of law and fact.[80]

### 3.      *Foster and ex post facto/due process*

The United States Constitution specifically prohibits Congress from enacting ex post facto legislation.[81]  Similarly, the Supreme Court in *Bouie v. City of Columbia* held that due process prohibits the retroactive application of any judicial decision construing a criminal statute when such application "is unexpected and indefensible by reference to the law which has been expressed prior to the conduct at issue[.]"[82]  While the language in *Bouie* reflects ex post facto concepts, the Court in the later case of *Rogers v. Tennessee* explained that *Bouie*, in fact, "rested on core due process concepts of notice, foreseeability, and in particular, the right to fair warning as those concepts bear on the constitutionality of attaching criminal penalties to what previously had been innocent conduct."[83]

---

[80] *Maples*, 340 F.3d at 436; *Jones v. Bradshaw*, 489 F. Supp. 2d 786, 803 (N.D. Ohio 2007).  In circumstances not applicable here, federal courts employ a modified version of AEDPA deference to the state court decision in cases where the state court did not squarely address the petitioner's claim as a federal Constitutional claim, but its analysis nevertheless bears "some similarity" to the requisite analysis set forth in clearly established federal law. *Filiaggi v. Bagley*, 445 F.3d 851, 854 (6th Cir. 2006).

[81] United States Constitution, Art. I, § 9, Clause 3.

[82] *Bouie v. City of Columbia*, 378 U.S. 347, 354 (1964).

[83] *Rogers v. Tennessee*, 532 U.S. 451, 459 (2001).

In *United States v. Barton*,[84] the Sixth Circuit construed the Supreme Court's holdings in *Bouie* and *Rogers* to mean that "when addressing ex post facto- due process concerns [in sentencing cases], questions of notice, foreseeability, and fair warning are paramount."[85] Ohio's pre-*Foster* sentencing scheme was based on presumptive minimum sentences that could then be increased within a statutory range upon the finding of certain facts by the trial judge.[86] Accordingly, the question as to whether a retroactive application of *Foster* to Ohio sentences results in a violation of rights pronounced in *Bouie* and *Rogers* is, essentially, a question as to whether, post-*Foster*, it was foreseeable that a person convicted in Ohio would be liable for non-minimum sentences.

Every federal district court in Ohio to have adjudicated an ex post facto – due process challenge to a post-*Foster* sentence has rejected the argument that *Bouie* and *Rogers* are violated by such a sentence.[87]  Indeed, as was specifically found in *Watkins*, "a defendant [in

---

[84] *United States v. Barton*, 455 F.3d 649 (6th Cir. 2006).

[85] *Id*. at 655 (citing *Rogers*, 532 U.S. at 459).

[86] *Sanchez v. Konteh*, No.3:07-cv-2166, 2009 WL 539710, at *8 (N.D. Ohio March 4, 2009).

[87] *Allen v. Hudson*, Case No. 1:08-cv-1825, 2009 WL 1649312 (N.D. Ohio June 10, 2009) (Lioi, J.); *Kelley v. Brunsman,* 625 F. Supp. 2d 586 (S.D. Ohio 2009) (Spiegel, J.); *Woody v. Welch*, Case No. 3:08-cv-2534, 2009 WL 1440828 (N.D. Ohio May 20, 2009) (Oliver, J.); *Newman v. Wilson*, Case No. 5:08-cv-483, 2009 WL 1212262 (N.D. Ohio April 30, 2009) (Oliver, J.); *Shie v. Voorhies*, Case No. 1:08-cv-194, 2009 WL 1212473 (N.D. Ohio April 30, 2009) (Polster, J.); *Turner v. Warden*, Case No. 1:08-cv-309, 2009 WL 866841 (S.D. Ohio March 31, 2009) (Spiegel, J.); *Sanchez*, 2009 WL 539710 (N.D. Ohio March 4, 2009) (Gaughan, J.); *Smith v. Brunsman*, 626 F. Supp. 2d 786 (S.D. Ohio 2009) (Barrett, J.); *Keith v. Voorhies,* Case No. 1:06-cv-2360, 2009 WL 185765 (N.D. Ohio Jan. 23, 2009) (Lioi, J.); *Rampey v. Wilson*, Case No. 5:07-cv-152, 2009 WL 161344

Ohio] was aware of the maximum penalty he faced prior to committing his crime.  *Foster* did not alter this maximum, it merely abrogated judicial fact finding."[88]

Thus, although the Sixth Circuit has not yet directly ruled on this claim,[89] the clear, uniform conclusion of every federal habeas court in Ohio to have considered the issue is that because an Ohio criminal defendant was aware prior to *Foster* that his potential penalty could be increased above a minimum, such a defendant cannot claim after *Foster* that he could not foresee that he would be liable for a non-minimum sentence. Thus, retroactive application of *Foster* to sentencing produces no violation of due process.

**4.     *Ineffective assistance of counsel***

Under *Strickland v. Washington*,[90] a petitioner establishes ineffective assistance of counsel by showing first that counsel's performance was deficient and then that this deficient

_____

(N.D. Ohio Jan. 22, 2009) (Lioi, J.); *Smith v. Wilson*, Case No. 1:08-cv-845, 2008 WL 4758696 (N.D. Ohio Oct. 29, 2008) (Oliver, J.); *Pitts v. Warden*, Case No. 3:08-cv-497, 2008 WL 4758697 (N.D. Ohio Oct. 29, 2008) (Oliver, J.); *Wentling v. Moore*, Case No. 3:07-cv-3089, 2008 WL 2778510 (N.D. Ohio July 14, 2008) (Boyko, J.); *Watkins v. Williams*, Case No. 3:07-cv-1296, 2008 WL 2484188 (N.D. Ohio June 17, 2008) (Adams, J.); *Lyles v. Jeffreys*, Case No. 3:07-cv-1315, 2008 WL 1886077 (N.D. Ohio April 24, 2008) (Oliver, J.); *Hooks v. Sheets*, Case No. 1:07-cv-520, 2008 WL 4533693 (S.D. Ohio Oct. 3, 2008) (Beckwith, C.J.); *Rettig v. Jefferys*, 557 F. Supp. 2d 830 (N.D. Ohio 2008) (Polster, J.); *McGhee v. Konteh*, Case No. 1:07-cv-1408, 2008 WL 320763 (N.D. Ohio Feb. 1, 2008) (Nugent, J.).

[88] *Watkins*, 2008 WL 2484188, at *3.

[89] The Sixth Circuit is presently considering an appeal in *Hooks*, 2008 WL 4533693, which is one of the cases to reject a due process challenge to retroactive application of *Foster*.  *See*, *Hooks v. Sheets*, 2008 WL 4533693.

[90] *Strickland v. Washington*, 466 U.S. 668 (1984).

performance prejudiced the petitioner by rendering the proceeding unfair and the result unreliable.[91]  Although *Strickland* involved the ineffective assistance of trial counsel, a comparable test applies to claims of ineffective assistance of appellate counsel.[92]  In either instance, both prongs of the *Strickland* test must be met in order for the writ to be granted; thus, courts need not address the issue of competence if the claim can be disposed of for failure to show prejudice.[93]

In reviewing counsel's performance, the court recognizes that counsel is presumed to have rendered adequate assistance.[94]  The reviewing court must not engage in hindsight but should evaluate counsel's performance within the context of the circumstances existing at the time of the alleged errors.[95]

The key is not whether counsel's choices were strategic but whether they were reasonable.[96]  To that end, counsel has a duty to make reasonable investigation into possible alternatives but, having done so, will be presumed to have made a reasonable decision in choosing.[97]

---

[91] *Id*. at 687.

[92] *Bowen v. Foltz*, 763 F.2d 191, 194 (6th Cir. 1985).

[93] *Strickland*, 466 U.S. at 697.

[94] *Id*. at 690.

[95] *Id*.

[96] *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000).

[97] *Strickland*, 466 U.S. at 691.

In the context of appeal, an appellate attorney need not raise every possible issue on appeal to be effective.[98]  Effective appellate advocacy often requires that the attorney select only the most promising issues for review.[99]  In addition, there can be no ineffectiveness in failing to argue a non-meritorious issue.[100]

With respect to the prejudice prong, the petitioner must show that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.[101]  A reasonable probability is a probability sufficient to undermine confidence in the outcome.[102]

## C.    Application of standards of review

### 1.    *I recommend bypassing the procedural default/waiver arguments of the State and then proceeding to deny Roper's claims on the merits.*

Although the State's initial arguments are to dismiss the first two grounds for relief here as either waived or procedurally defaulted, I recommend bypassing these arguments in favor of addressing Roper's fundamental claim on the merits and then denying that claim.

In that regard, I note first that Roper has raised a factual issue as to whether he, in fact, failed to make any contemporaneous objection to his resentencing at the time it was imposed.

---

[98] *Jones v. Barnes*, 463 U.S. 745, 752 (1983).

[99] *Id.*

[100] *Strickland*, 466 U.S. at 698.

[101] *Id.* at 694.

[102] *Id.*

Further, I also observe that he has made the legal argument that his proposition of law to the Ohio Supreme Court concerning ineffective assistance of appellate counsel was sufficient to raise that question to that court and thus sufficient to avoid waiving that claim.  Resolving these matters as to whether Roper factually made a contemporaneous objection or what is the effect of his claim before the Ohio Supreme Court would necessarily involve this Court in an interpretation of Ohio's contemporaneous objection rule and Ohio's rules concerning the jurisdiction of its Supreme Court as predicates to determining the State is correct in its claim of a waiver or procedural default.  However, as will be discussed below, addressing such issues is unnecessary to resolving Roper's claims against him.

In such cases, as the Sixth Circuit has recognized, where adjudicating the procedural default claim would involve complicated issues of state law and would further be unnecessary to resolving the underlying habeas claim against the petitioner, the court may bypass the procedural default issue and proceed to the merits.  I recommend doing so in this case.

**2.     *I recommend denying Roper's claim in Ground One on the merits under a de novo standard of review.***

Here, I observe initially that Roper's claim that his sentence violates the ex post facto and due proocess clauses of the Constitution was rejected by the Ohio appeals court as an alternative holding in its opinion that cited prior decisions of that court rejecting the

constitutional arguments advanced by Roper, and further noting that it was obliged to follow the dictates of the Ohio Supreme Court in its *Foster* decision.[103]

However, because the state court ruling here is not entitled to AEDPA deference because the state court did not resolve the claim on the merits, I further observe that when considering this claim under a *de novo* review, that the claim has no merit. Specifically, every United States District Judge to have considered Roper's argument over the past few years, including recently, this Court in *Smith v. Timmerman Cooper*,[104] has rejected it, often by detailed, well-reasoned opinions that are unnecessary to restate here. Although, as also previously noted, the Sixth Circuit is still considering a case that could definitively resolve this matter, the uniform prior decisions of the district court rejecting Roper's arguments should be persuasive without needing to here restate their reasonings.

Accordingly, I recommend denying ground one as without merit.

**3.      *I recommend, on de novo review, denying Grounds Two and Three – the ineffective assistance of counsel claims – on the merits inasmuch as no prejudice can be shown from not raising a non-meritorious issue.***

I note initially that the state courts have not addressed on the merits either ineffective assistance of counsel claim. As such, these claims are before this Court subject to *de novo* review.

---

[103] ECF # 8, Attachment (state record) at 243-45.

[104] *Smith v. Timmerman-Cooper*, Case No. 1:08-cv-380, 2009 WL 3172867 (N.D. Ohio Sept. 25, 2009) (Polster, J.).

The clear rule is that no ineffective assistance can be found for not arguing a non-meritorious position because no prejudice results from such a failure to act.  Here, as regards both trial and appellate counsel, there was no prejudice to Roper from either counsel not raising *Foster*-based ex post facto and/or due process arguments.  Accordingly, I recommend that grounds two and three of this petition be denied as without merit.

## Conclusion

For the foregoing reasons, I recommend that the petition of Darryl L. Roper, Sr., for a writ of habeas corpus be denied.


Dated:   December 23, 2009                      s/ William H. Baughman, Jr.
                                                United States Magistrate Judge


## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[105]

---

[105] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).