**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **DARRYL L. ROPER ,SR.,** | ) | **CASE NO.5:09CV267** |
| | ) | |
| Petitioner, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **MAGGIE BEIGHTLER, Warden** | ) | **MEMORANDUM OF OPINION** |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner Darryl L. Roper, Sr.'s Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1).  For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation and denies Petitioner's Petition.

## FACTS

The following is a factual synopsis of Petitioner's claims.  The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts.  On March 15, 2004, the Summit County Grand Jury indicted Petitioner on two counts of Rape, in violation of Ohio Revised Code §

1

2907.02(A)(2), one count of Domestic Violence, in violation of Ohio Revised Code § 2919.25(A), and one count of Aggravated Menacing, in violation of Ohio Revised Code § 2903.21.

On March 26, 2004, in a Supplemental Indictment, the Grand Jury charged Petitioner with two Repeat Violent Offender specifications, attached to each of the two previous Rape charges; one count of Having Weapons While Under Disability, in violation of Ohio Revised Code § 2923.13(A)(2)/(A)(3), one count of Having Weapons While Under Disability, in violation of Ohio Revised Code § 2923.13(A)(3)/(B), one count of Intimidation of Crime Victim or Witness, in violation of Ohio Revised Code § 2921.04(B), one count of Possession of Cocaine, in violation of Ohio Revised Code § 2925.11(A), one count of Illegal Use or Possession of Drug Paraphernalia, in violation of Ohio Revised Code § 2925.14(C)(1),and one count of Obstructing Official Business, in violation of Ohio Revised Code § 2921.31. On July 16, 2004, in a second Supplemental Indictment, the Grand Jury charged Petitioner with two counts of Violating a Protection Order, in violation of Ohio Revised Code § 2919.27.

On January 19, 2005, a jury found Petitioner guilty of Domestic Violence, Aggravated Menacing, two counts of Having Weapons While Under Disability, Possession of Cocaine, Illegal Use or Possession of Drug Paraphernalia, Obstructing Official Business and two counts of Violating a Protection Order (Counts Three, Four, Five, Six, Eight, Nine, Ten, Eleven, and Twelve). The jury found Petitioner not guilty of two counts of Rape, including both Repeat Violent Offender specifications, and one count of Intimidation of a Crime Victim or Witness (Counts One, Two and Seven).

On March 7, 2005, the trial court sentenced Petitioner to four years for Domestic Violence, six months for Aggravated Menacing, four years for the merged counts of Having Weapons While Under Disability, four years for Possession of Cocaine, six months for Illegal Use of Drug Paraphernalia, ninety days for Obstructing Official Business and six

2

months on each of the two counts of Violating a Protection Order. The sentences for Domestic Violence, Having Weapons While Under Disability and Possession of Cocaine were to be served consecutively to each other and concurrently with all the other sentences. The total sentence imposed was twelve years.

Petitioner appealed to the Ninth District Court of Appeals, and on November 30, 2005, the Court of Appeals affirmed the judgment of the trial court. Petitioner timely appealed to the Supreme Court of Ohio. On May 3, 2006, the Ohio Supreme Court reversed the Court of Appeals and remanded the case to the trial court for re-sentencing consistent with *State v. Foster*, 845 N.E.2d 470 (Ohio 2006).

On October 31, 2005, while his direct appeal was pending, Petitioner, pro se, filed a Petition to Vacate or Set Aside his Conviction and Sentence. The trial court has yet to rule on the Petition. Following the decision of the Ohio Court of Appeals on direct review, Petitioner applied to reopen his appeal on February 22, 2006. On March 20, 2006, the Court of Appeals denied the Application.

On September 18, 2006, the trial court re-sentenced Petitioner, imposing the same sentence as before. On October 31, 2006, Petitioner, through counsel, filed a Notice of Appeal and a Motion for Delayed Appeal to challenge his new sentence. On March 12, 2008, the Court of Appeals affirmed the judgment of the trial court. On April 3, 2008, Petitioner further appealed to the Ohio Supreme Court. On July 9, 2008, the Supreme Court of Ohio denied Leave to Appeal.

On February 5, 2009, Petitioner filed a Petition for Writ of Habeas Corpus asserting the following grounds for relief:

> **GROUND ONE:** The remedy that the Ohio Supreme Court set forth in State v. Foster, 109 Ohio St. 3d 1, 845 N.E.2d 470 (2006), violates the Ex Post Facto and Due Process Clause of the United States Constitution.

3

> **GROUND TWO:** Trial counsel provided ineffective assistance, in violation of the Sixth and Fourteenth Amendments to the United States Constitution, for failing to object to the trial court's imposition of non-minimum, consecutive sentences.
>
> **GROUND THREE:** A defendant is deprived the effective assistance of appellate counsel when appellate counsel fails to raise constitutional errors on direct appeal.

On February 10, 2009, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge issued his Report and Recommendation on December 23, 2009. Petitioner filed his Objections to the Report and Recommendation on January 4, 2010.

## STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

4

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## **ANALYSIS**

In Ground One, Petitioner contends that the remedy the Ohio Supreme Court set forth in *State v. Foster* violates the Ex Post Facto and Due Process Clause of the United States Constitution. In Ground Two, Petitioner contends he had ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution for failing to object to the trial court's imposition of non-minimum, consecutive sentences. Respondent asserts that Petitioner has procedurally defaulted his claims in Grounds One and Two because his trial counsel made no contemporaneous objection to his re-sentence as required under Ohio law in order to preserve a claim for appeal, and because the state appeals court relied on the absence of a contemporaneous objection as the basis for denying this claim.

Under the doctrine of procedural default, the federal habeas court is precluded from reviewing a claim for relief if the petitioner failed to obtain consideration of that claim on its merits in state court, either because the petitioner failed to raise it when state remedies were still available or due to some other violation of a state procedural rule. *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

When a violation of a state procedural rule is alleged as the basis for the default, the Sixth Circuit has long-employed a four-part test to determine if the claim is procedurally defaulted in a federal habeas proceeding:(1) Does a state procedural rule exist that applies to the petitioner's claim? (2) Did the petitioner fail to comply with that rule? (3) Did the state court rely on that failure as the basis for its refusal to address the merits of the petitioner's claim? (4) Is the state rule violated by the petitioner an adequate and independent state law basis for barring the federal court from considering

5

the claim? *Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007).

The Magistrate Judge points out the Supreme Court has held that federal habeas courts are not required to consider an assertion of procedural default before deciding a claim against the petitioner on the merits. *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997). Additionally, the Sixth Circuit has stated that a federal habeas court may bypass an issue of procedural default when that issue presents complicated questions of state law and addressing it is unnecessary to resolving the claim against the petitioner on the merits. *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003). This Court agrees with the Magistrate Judge in proceeding to the merits of the case since adjudicating the procedural default claim would involve complicated issues of state law and is unnecessary to resolve the underlying habeas claim against the Petitioner.

Having considered the merits of Count One, The Magistrate Judge correctly points out that the Ex Post Facto Clause provides that "no State shall...pass any...ex post facto Law." U.S. Constitution, Art. I., §10, cl.1. The Ex Post Facto Clause, by its own terms, does not apply to courts. Extending the Clause to courts through the rubric of due process . . . would circumvent the clear constitutional text. It also would evince too little regard for the important institutional and contextual differences between legislating, on the one hand, and common law decisionmaking, on the other." *Rogers v. Tennessee*, 532 U.S. 451, 460 (2001).

In his well-reasoned Report and Recommendation, the Magistrate Judge concludes that Ex Post Facto Clause challenges to *Foster* have been repeatedly denied by Ohio state courts. Additionally, Ex Post Facto challenges similar to that raised by Petitioner have also been rejected by judges in this district. *Watkins v.Williams*, Case No. 3:07CV1296 (N.D.Ohio June 17, 208) (J. Adams), *Lyles v. Jeffreys*, Case No. 3:07CV1315 (N.D.Ohio April 24, 2008) (J. Oliver), *McGhee v Konteh*, Case No.

6

1:07CV1408 (N.D.Ohio Feb. 1, 2008) (J.Nugent). The Court agrees that Petitioner's Ex Post Facto Clause claim lacks merit.

Petitioner also claims in Ground One that the Ohio courts violated his Due Process rights by retroactively applying the post-*Foster* sentencing statute to his case by imposing non-minimum and maximum sentences. Both Judge Nugent and Judge Oliver of this Court have rejected similar claims in other cases, holding that no constitutional violation arose with the retroactive application of the post-*Foster* sentencing statute on remand to a petitioner who was improperly sentenced under the pre-*Foster* statute. See *Ross v. Kelley*, No. 5:08CV2889; *Kravochuck v. Shewalter*, No. 1:09CV199; *McGhee*, No. 1:07CV1408, 2008 WL 320763.

Respondent asserts that Petitioner cannot contend that when he committed his crimes he expected to receive a minimum, concurrent sentence, but that he should have expected to face exactly what he received at his re-sentencing: a sentence that falls within the basic ranges set by Ohio Rev. Code § 2929.14(A). At the time of his crimes in 2004, Ohio's sentencing statute provided sufficient notice to Petitioner that the trial court had discretion to impose non-minimum and consecutive sentences as long as the court made certain findings under section 2929.14.

The Court agrees with the Magistrate Judge in concluding that the clear, uniform conclusion of every federal habeas court in Ohio to have considered the issue, is that because an Ohio criminal defendant was aware prior to *Foster* that his potential penalty could be increased above a minimum, such a defendant cannot claim after *Foster* that he could not foresee that he would be liable for a non-minimum sentence. Therefore, the Court finds retroactive application of *Foster* to sentencing is not a violation of due process, and Ground One is denied.

In Ground Two, Petitioner contends trial counsel provided ineffective assistance for failing to object to the trial court's imposition of non-minimum, consecutive

7

sentences. In Ground Three, Petitioner contends he was deprived of effective assistance of appellate counsel when appellate counsel failed to raise constitutional errors on direct appeal. A defendant seeking to establish ineffective assistance of counsel must satisfy the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), where the Supreme Court formulated the following test:

> . . . First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.

In attempting to establish that his attorney's performance was deficient, a defendant "must show that counsel's representation fell below an objective standard of reasonableness." 466 U.S. at 687-88. Judicial scrutiny of counsel's performance, however, "must be highly deferential." 466 U.S. at 689. A reviewing court must ensure that "every effort is made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." 466 U.S. at 689. The reviewing court is also required to recognize that "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." 466 U.S. at 690.

Although *Strickland* involved the ineffective assistance of trial counsel, a comparable test applies to claims of ineffective assistance of appellate counsel. *Bowen v. Foltz*, 763 F.2d 191, 194 (6th Cir. 1985). The Magistrate Judge points out that in this case the state courts have not addressed either ineffective assistance of counsel claims on the merits. In Petitioner's Objections to the Magistrate Judge's Report and Recommendation, he contends that if Petitioner's attorney had objected to the

8

non-minimum, consecutive sentences, the issue regarding the constitutionality of the retroactive application of the remedy adopted in *Foster* would have been properly preserved for appeal. Also, in his Objections, he contends appellate counsel's failure to raise the issue regarding trial counsel's ineffectiveness constituted deficient performance that prejudiced the outcome of Petitioner's appeal.

Respondent asserts that raising the ineffective assistance of trial counsel claim would not have altered the result of the appeal because the appellate court rejected the underlying ex post facto claim. Hence, appellate counsel's failure to assert the ineffective assistance of trial counsel claim on direct appeal did not prejudice Petitioner.

The Court agrees with the Magistrate Judge that no ineffective assistance of counsel can be found for not arguing a non-meritorious position, because no prejudice results from such a failure to act. Therefore, the Court finds, as regards both trial and appellate counsel, there was no prejudice to Petitioner from either counsel for not raising *Foster*-based ex post facto and/or due process arguments. Petitioner has failed to show that the results of the proceedings would have been different. Grounds Two and Three are without merit and denied.

For the foregoing reasons, the Court finds the Magistrate Judge's Report and Recommendation accurately and thoroughly addresses Petitioner's arguments. The Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well reasoned Report and Recommendation and Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody is denied.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

                                          s/Christopher A. Boyko
Date:1/27/2010                  CHRISTOPHER A. BOYKO
                                        United States District Judge